1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO M. TANORI, | Case No. 1:13-cv-01888-AWI-SAB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| M. BITER, et al., | |
| Defendants. | (ECF No. 1) |
| | THIRTY-DAY DEADLINE |

Plaintiff Sergio M. Tanori, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint, filed November 21, 2013.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)

.        Plaintiff alleges that on January 11, 2013, Defendants Robles and Herrera assaulted him while he was handcuffed in his cell.  Plaintiff brings this action alleging excessive force, and as

1  relevant here, that certain defendants have been effectively preventing him from exhausting his

2  administrative remedies by falsely claiming that Plaintiff did not timely process his inmate

3  appeal.  (Compl. ¶ 85, ECF No. 1.)  Exhaustion, if feasible, should be decided before reaching

4  the merits of a prisoner's claim.  Albino v. Baca, __ F.3d __, 2014 WL 1317141, at *6 (9th Cir

5  April 3, 2014) (en banc).  This is one of those rare cases where a failure to exhaust administrative

6  remedies is clear on the face of the complaint.  Id. at 5.

7        Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with

8  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

9  confined in any jail, prison, or other correctional facility until such administrative remedies as

10  are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the

11  available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007);

12  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

13  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

14  Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits

15  relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

16        The California Department of Corrections and Rehabilitation has an administrative

17  grievance system for prisoner complaints.  Cal. Code Regs., tit. 15, § 3084.1.  There are three

18  levels of review and the process is initiated by submitting a CDCR Form 602.  Id. at §§

19  3084.2(a), 3084.7.  Appeals must be submitted within thirty calendar days of the event being

20  appealed, and the process is initiated by submission of the appeal to the first level of review.  Id.

21  at §§ 3084.7(a), 3084.8(b).  An inmate is required to adhere to the appeal filing time constraints.

22  Id. at § 3084.1.  In order to satisfy section 1997e(a), California state prisoners are required to use

23  this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86

24  (2006); McKinney, 311 F.3d at 1199-1201.

25        In this instance, Plaintiff sent a letter and inmate appeal alleging he had been the victim

26  of excessive force on January 11, 2013 to Special Agent Dunlop of the Office of Internal Affairs

27  on January 13, 2013.  (Compl. ¶ 68, ECF No. 1.)  Plaintiff sent a follow-up letter to Agent

28  Dunlop on March 29, 2013 requesting the status of his appeal.  (Id. at ¶ 69.)  It was not until

April 27, 2013, that Plaintiff submitted an inmate appeal to the appeals coordinator at Kern Valley State Prison asking that the appeal sent to the Office of Internal Affairs on January 13, 2013 be processed.  (Id. at ¶ 71.)  Plaintiff received a response on May 2, 2013, that there was no record of any appeal being submitted on or about January 13, 2013.  (Id. at ¶ 72.)  Plaintiff filed an inmate appeal on May 13, 2013, and was interviewed by Defendant Seaman on May 31, 2013.  (Id. at ¶ 73.)  Plaintiff contends that his appeal was illegally cancelled on September 27, 2013 by Defendant Pimental.   (Id. at ¶ 81.)   Plaintiff alleges that the evidence clearly shows that Defendants Biter, Vera, Goss, Tyson, Marta, Lozano, Pimental, Seaman, Kunz, and Rodriguez have effectively prevented Plaintiff from timely using the available administrative remedies by falsely claiming that he did not timely process his inmate appeal.  (Id. at ¶ 85.)

Plaintiff's complaint clearly shows that he did not submit an inmate appeal to the first level of review within thirty calendar days of the alleged incident as required.  While Plaintiff states that he sent an inmate appeal to the Office of Internal Affairs, an appeal shall commence upon the date of receipt by the appeals coordinator.  Cal. Code Regs., tit. 15, § 3084.8(a).  The earliest that Plaintiff submitted anything to the appeals coordinator at Kern Valley State Prison was April 27, 2013, more than four months after the incident occurred.  Plaintiff did not submit a timely appeal and his appeal would be properly denied as untimely.

Based on the foregoing, within thirty days from the date of service of this order, Plaintiff is HEREBY ORDERED to show cause why this action should not be dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

   Dated:   **April 21, 2014**

                                                 UNITED STATES MAGISTRATE JUDGE