UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO M. TANORI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. BITER, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01888-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 1, 15)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Sergio M. Tanori is appearing pro se and informa pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint, filed November 21, 2013.  (ECF No. 1.)  On April 21, 2014, the Court screened Plaintiff's complaint and issued an order to show cause why this action should not be dismissed for failure to exhaust administrative remedies.  (ECF No. 11.)  After receiving an extension of time, Plaintiff filed a response to the order to show cause on June 23, 2014.  (ECF No. 15.)

**I.**

**RELEVANT COMPLAINT ALLEGATIONS**

Plaintiff contends that after being subjected to excessive force on January 11, 2014, he filed a letter and inmate appeal (602) on January 31, 2013 to Special Agent Dunlop.  (Compl. ¶ 68, ECF No.

1

1.) On March 29, 2013, Plaintiff sent a follow-up letter to the Office of Internal Affairs requesting the status of his appeal.  (Id. at ¶ 69.)  When Plaintiff did not receive a response from the Office of Internal Affairs, on April 27, 2013, he submitted an inmate appeal to the appeals coordinator at Kern Valley State Prison asking that the appeal sent on January 31, 2013 be processed.  (Id. at ¶ 71.)

On May 2, 2013, Plaintiff received a response that there was no record of any appeal being submitted on or about January 31, 2013.  (Id. at ¶ 72.)  Plaintiff filed a second inmate appeal and was interviewed by Defendant Seaman on May 31, 2013.  (Id. at ¶¶ 73, 74.)  Plaintiff received a response and filed an appeal that he was dissatisfied with the response because nothing was done to seriously investigate Plaintiff's allegations regarding the use of force.  (Id. at ¶¶ 75, 76)

On July 11, 2013, Defendant Lozano sent Plaintiff a letter requesting that he remove his citizen complaint form from the appeal.  (Id. at ¶ 77.)  Plaintiff removed the citizen's complaint form and returned the appeal for third level review.  (Id. at ¶ 78.)

On September 10, 2013, Defendant Lozano and three other individuals came to conduct an interview with Plaintiff regarding the incident.  (Id. at ¶ 79.)  Plaintiff states they were attempting to discourage or prevent him from reporting the use of force and his appeal was illegally cancelled on September 27, 2013 by Defendant Pimental.  (Id. at ¶ 80.)

On October 4, 2013, Defendant Seaman sent Defendant Biter, Kunz, and Rodriguez a memorandum regarding the incident.  (Id. at ¶ 82.)  Plaintiff alleges that the evidence clearly shows that Defendants Biter, Vera, Goss, Tyson, Marta, Lozano, Pimental, Seaman, Kunz, and Rodriguez have effectively prevented Plaintiff from timely using the available administrative remedies.  (Id. at ¶ 86.)

## II.

## LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative

remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15, § 3084.1. There are three levels of review and the process is initiated by submitting a CDCR Form 602. <u>Id.</u> at §§ 3084.2(a), 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the first level of review. <u>Id.</u> at §§ 3084.7(a), 3084.8(b). An inmate is required to adhere to the appeal filing time constraints. <u>Id.</u> at § 3084.1. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-86 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

### III.

### DISCUSSION

Since it was obvious from Plaintiff's complaint that he did not file an administrative appeal through the prison administrative remedy system, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to exhaust his administrative remedies. In his response to the order to show cause, Plaintiff now contends that on or about January 17, 2013 he submitted a 602 form. (Plaintiff's Response to Order to Show Cause ¶ 1A, ECF No. 15.) Plaintiff submits a copy of this document, which contains drawings and a page on which "602" is written in the top right hand corner. (<u>Id.</u> at 16-22,[1] attached as Exhibit A.) This last page of the document contains a brief description of the event, and requests that the Office of Internal Affairs investigate this matter, Plaintiff be provided with all investigative reports, and be awarded money damages. (<u>Id.</u> at 22.) This document is clearly not an inmate grievance form, and it is not dated or signed.

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Plaintiff contends that he resubmitted the grievance form 602 on January 30, 2013, and mailed the grievance form to the Office of Internal Affairs on January 30, 2013. (Id. at ¶ 2.) On May 2, 2013, Plaintiff submitted a request on the status of his 602. (Id. at ¶ 3A.) The request states:

> OFFICE OF THE APPEALS COORDINATOR.  IM [SIC] WRITTING [SIC] TO YOUR OFFICE CONCERNING A 602 THAT WAS SENT FROM THE INTERNAL AFFAIRS OFFICE ON 1/31/13 TO GET PROCESSED AND OBTAIN A LOG #.  I WOULD LIKE TO REQUEST IF COULD BE POSSIBLE [SIC] AND PROVIDE ME THE LOG # OF THE 602 THAT WAS ADDRESSED FOR AN EXCESSIVE USE OF FORCE. CAN YOU PLEASE LET ME KNOW WHAT IS THE STATUS OF IT. [SIC]

(Id. at 33.)  Plaintiff received a response stating that the Inmate Appeals Office has no record of receiving an appeal regarding the use of excessive force on or around January 31, 2013.  (Id. at 33.) On May 13, 2013, Plaintiff submitted a 602 form which was cancelled on November 6, 2013 for being untimely.  (ECF No. 15 at ¶ 4 and p. 32.)

The requirement that prisoners pursue administrative remedies allows prison officials to correct their mistakes and allows for grievances to be resolved more quickly and economically than litigating in court.  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010.)  In order to allow the agency to have a full and fair opportunity to address the claims, a plaintiff is required to properly exhaust his administrative remedies which "means using all steps that the agency holds and doing so properly." Woodford, 548 U.S. at 90.  This requires compliance with the agency deadlines and other critical procedural rules.  Id. at 92.  Exhaustion is mandatory prior to a prisoner bringing suit for a violation of section 1983 or any other Federal law.  Porter v. Nussle, 534 U.S. 516, 524 (2002).

The Ninth Circuit has recognized an exception to the exhaustion requirement where prison officials render administrative remedies effectively unavailable by improperly screening a prisoner complaint.  To fall within this exception the inmate must establish that he actually filed a grievance that would have sufficed to exhaust his claims had he pursued it through the administrative remedy process and that prison officials screened his compliant for reasons inconsistent with or unsupported by the regulations.  Sapp, 623 F.3d at 823-24.

While Plaintiff states that he sent an inmate appeal to the Office of Internal Affairs, an appeal shall commence upon the date of receipt by the appeals coordinator.  Cal. Code Regs., tit. 15, §

4

3084.8(a).  The Office of Internal Affairs is not part of the prison grievance procedure.  Therefore, Plaintiff cannot exhaust his administrative remedies based upon the communication sent to the Office of Internal Affairs.  De Shazo v. Hieng, No. 1:07-cv-01258-OWW-MJS PC, 2011 WL 570263, at *4 (E.D. Cal. Feb. 15, 2011); see Panaro v. City of North Los Vegas, 432 F.3d 949, 953 (9th Cir. 2005) (participating in Internal Affairs investigation did not exhaust administrative remedies); Wilson v. Wann, No. 2:06-cv-01629-GEB-KJM P, 2008 WL 4166886, at *2 (E.D. Cal. Sept. 8, 2008) (letter to warden and Internal Affairs does not exhaust administrative remedies).

        Additionally, Title 15 provides that an inmate shall use a CDCR Form 602 in submitting an appeal, which must be signed.  Cal. Code Regs., tit. 15, § 3084.2(a) and (b).  The document which Plaintiff contends was the 602 submitted in January 2011, does not comply with the requirements of section 3084.2.  It is not a CDCR Form 602 and it is not signed by Plaintiff.  Further, it does not contain the information required by the CDCR Form 602.

        This document does not contain Plaintiff's full name, CDCR number, or cell assignment.  Requiring basic information such as the inmate's name and CDCR number would be essential to identifying the inmate to which the appeal applies.  The document Plaintiff attaches as evidence that he submitted a timely appeal to exhaust his administrative remedies did not comply with Title 15's requirements for submitting an inmate appeal.  Accordingly, the document would not have been processed as a CDCR Form 602.  Since Plaintiff did not submit a 602 form which would have been accepted and processed, this document would not have sufficed to exhaust his claims had he pursued it through the administrative remedy process.  Therefore, Plaintiff did not timely submit an inmate appeal.

        The earliest that Plaintiff submitted a 602 form to the appeals coordinator at Kern Valley State Prison was April 27, 2013, more than four months after the alleged incident occurred.  Since Plaintiff did not submit a timely appeal, his appeal was properly denied as untimely.  The Court finds that Plaintiff did not exhaust the administrative grievance process and for that reason recommends that this action be dismissed.

///

### III.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to exhaust administrative remedies.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

Dated:   **June 27, 2014**

UNITED STATES MAGISTRATE JUDGE