UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO M. TANORI,<br><br>            Plaintiff,<br><br>      v.<br><br>M. BITER, et al.,<br><br>            Defendants. | Case No.: 1:13-cv-01888-AWI-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

Plaintiff Sergio M. Tanori is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

1  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
2  550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally
3  participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
4  2002).

5        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally
6  construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121
7  (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible,
8  which requires sufficient factual detail to allow the Court to reasonably infer that each named
9  defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,
10 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not
11 sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying
12 the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

15       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is
16 currently housed at the California Correctional Institution, Tehachapi. Plaintiff contends that, while he
17 was housed at Kern Valley State Prison, Defendants H. Robles and S. Herrera used excessive force
18 against him and Defendants M. Bitter, P. Vera, D. Goss, H. Tyson, R. Marta, and J. Arreola failed to
19 protect him in violation of his Eighth Amendment rights. (Compl. 1-2, ECF No. 1.) Plaintiff further
20 alleges that Defendants J. D. Lozano, R. Pementel, M. Seaman, B. Kunz, and J. I. Rodriguez made
21 false statements about him to conceal the fact that Defendants Robles and Herrera used excessive
22 force and interfered with his ability to exhaust his administrative remedies. (Id. at 2.) Defendants
23 Biter, Vera, Gross, Tyson and Marta allowed Plaintiff to be subjected to a retaliatory transfer to
24 another correctional institution to cover up that Defendants Robles and Herrera were not disciplined
25 for the use of excessive force upon him. (Id.)

26       Plaintiff alleges that on January 11, 2013 at approximately 7:28 a.m. Defendants Robles and
27 Herrera were assigned to transport inmate Olivares to Bakersfield for court. (Id. at 4.) Plaintiff was
28 confined in a cell with inmate Olivares and Defendant Robles placed Plaintiff in handcuffs behind his

1    back and ordered him to the rear of the cell. (Id.) Defendant Robles then conducted an unclothed
2    body search of inmate Olivares in the cell. (Id.) Defendant Robles then placed inmate Olivares in
3    handcuffs and directed Defendant Arreola to open the cell door. (Id. at 5.)

4          Plaintiff contends that Defendant Robles ordered inmate Olivares to back out of the cell and
5    move to the left and inmate Olivares refused. (Id. at 6.) Defendant Robles then physically moved
6    inmate Olivares to the left. (Id. at 7.) As the cell door was closing, Plaintiff heard Defendant Robles
7    yell to Defendant Arreola to reopen the cell door. (Id. at 5.) Defendant Robles ran into the cell and
8    attacked Plaintiff. (Id.) Plaintiff alleges that Defendant Robles picked Plaintiff up by the handcuffs
9    and threw him to the cell floor and started punching and kicking Plaintiff. (Id.) Defendant Herrera
10   assisted Plaintiff with the physical assault of Plaintiff. (Id.) Due to the alleged assault, Plaintiff
11   sustained an abrasion, bruises, swelling, a serious head injury, and swelling to his head and face. (Id.)
12   Plaintiff believes that Defendants Herrera and Robles have a long history of use of excessive force on
13   inmates at Kern Valley State Prison. (Id. at 6.)

14         Plaintiff states that Defendants Robles, Herrera, and Arreola should have left the cell door
15   secured and notified the lieutenant if they suspected there was contraband in the cell. (Id. at 7.)
16   Defendant Robles had just completed an unclothed body search of inmate Olivares and was aware that
17   he did not possess contraband. (Id.) Plaintiff alleges that he was cooperating with Defendant Robles
18   who lost self-control with inmate Olivares and ran back into the cell to assault Plaintiff. (Id.) Plaintiff
19   contends that Defendants Robles and Herrera attempted to cover up their use of excessive force by
20   falsely claiming that Plaintiff bit Defendant Herrera. (Id.) Defendant Herrera claimed to have
21   sustained redness to his forearm as a result of being bitten by Plaintiff but they did not have DNA or
22   other trace evidence taken. (Id. at 8.)

23         Plaintiff contends Defendants Biter, Vera, Goss, Tyson, and Marta did not participate in the
24   use of excessive force but failed to properly train Defendants Robles and Herrera in how to conduct a
25   cell extraction and that resulted in the attack on Plaintiff. (Id.) Plaintiff contends that Defendant
26   Arreola should have refused to open the cell door because inmate Olivares had already been removed
27   from the cell. (Id. at 9.) Further, Plaintiff states that Defendants Robles and Herrera did not warn him
28

1 | that if he refused to comply with their directive physical force would be used on him to remove him
2 | from the cell.  (Id.)

3 |       Plaintiff alleges that Defendants Biter, Vera, Goss, Tyson, and Marta have a long history of
4 | attempting to cover up correctional staff use of force and making false statements to conceal the use of
5 | excessive force.  (Id. at 10.)  Plaintiff contends that Defendants Biter, Vera, Goss, Tyson, Marta,
6 | Lozano, Pimentel, Seaman, Kunz, and Rodriguez were acting in their supervisory roles and failed to
7 | adequately investigate the use of force.  (Id.)  Further, Plaintiff claims that Defendants Biter, Vera,
8 | Tyson, Marta, Kunz, and Rodriguez conducted a botched investigation to cover up the use of force.
9 | (Id.)

10 |       Plaintiff contends that prior to July 11, 2013, Defendants Biter, Vera, Goss, Tyson, Marta,
11 | Kunz, and Rodriguez knew or should have known that officers Cruse and Murphy were charged with a
12 | felony for challenging an inmate to a fight.  (Id. at 11.)  Plaintiff claims that Defendants Biter, Vera,
13 | Goss, Tyson, and Marta allowed Plaintiff to be subjected to a retaliatory transfer to conceal the
14 | wrongdoing on January 11, 2013.  (Id.)

15 |       On January 13, 2013, Plaintiff filed a letter and inmate appeal alleging he had been the victim
16 | of excessive force on January 11, 2013 to Special Agent Dunlop.  (Id. at 12.)  Plaintiff sent a follow-
17 | up letter on March 29, 2013 requesting the status of his appeal.  (Id.)  On April 27, 2013, Plaintiff
18 | submitted an inmate appeal to the appeals coordinator at Kern Valley State Prison asking that the
19 | appeal sent on January 13, 2013 be processed.  (Id.)

20 |       On May 2, 2013, Plaintiff received a response that there was no record of any appeal being
21 | submitted on or about January 31, 2013.  (Id.)  Plaintiff filed a second inmate appeal and was
22 | interviewed by Defendant Seaman on May 31, 2013.  (Id. at 13.)  Plaintiff received a response and
23 | filed an appeal that he was dissatisfied with the response because nothing was done to seriously
24 | investigate Plaintiff's allegations regarding the use of force.  (Id.)  On July 11, 2013, Defendant
25 | Lozano sent Plaintiff a letter requesting that he remove his citizen complaint form.  (Id.)  Plaintiff
26 | removed the citizen's complaint form and returned the appeal for third level review.  (Id.)

27 |       On September 10, 2013, Defendant Lozano and three other individuals came to conduct an
28 | interview with Plaintiff regarding the incident.  (Id.)  Plaintiff states they were attempting to

4

discourage or prevent him from reporting the use of force and his appeal was illegally cancelled on September 27, 2013, by Defendant Pimental. (Id.) On October 4, 2013, Defendant Seaman sent Defendant Biter, Kunz, and Rodriguez a memorandum regarding the incident. (Id. at 14.) Plaintiff alleges that the evidence clearly shows that Defendants Biter, Vera, Goss, Tyson, Marta, Lozano, Pimental, Seaman, Kunz, and Rodriguez have effectively prevented Plaintiff from timely using the available administrative remedies. (Id.)

## III.

## DISCUSSION

### A.    Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 559 U.S. at 37-38 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Wilkins, 559 U.S. at 37.

Based on Plaintiff's allegations in the complaint he states a cognizable claim for excessive force against Defendants Robles and Herrera. However, Plaintiff does not state a cognizable claim for excessive force against Defendant Arreola. Plaintiff alleges only that Defendant Arreola should not have re-opened the cell door and should have notified a lieutenant is there was a suspicion that contraband was in his cell. Plaintiff's allegations fail to give rise to a constitutional violation, as there is no reasonable basis to infer that Defendant Arreola was aware of either Defendant Robles or Herrera's intent or had reason to suspect that force was going to be used upon Plaintiff. The mere act of opening the cell door for entry by Defendants Robles and Herrera does not provide a basis for liability under the Eighth Amendment. Accordingly, Plaintiff states a cognizable claim for excessive force against Defendants Robles and Herrera only.

### B.   Supervisory Liability

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff contends that Here, Plaintiff has not alleged any facts showing personal involvement by any of the Defendants in a supervisor capacity. Further, Plaintiff's vague allegation that Defendants Biter, Vera, Goss, Tyson, Marta, Lozano, Pimentel, Seaman, Kunz, and Rodriguez failed

6

1  to properly train and/or supervise Defendants Robles and Herrera as to the proper cell extraction,
2  amounts, at most, to respondeat superior liability, which fails to state a § 1983 claim.  Further,
3  Plaintiff's claim that Defendants Biter, Vera, Tyson, Marta, Kunz, and Rodriguez conducted a
4  "botched" investigation, does not give rise to a constitutional violation because an inadequate
5  investigation alone does not "involve[] the deprivation of a protected right," but must implicate
6  "another recognized constitutional right."  Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985)
7  (per curiam).  Absent allegations that these Defendants' actions or omissions implicated a
8  constitutionally-protected right beyond Plaintiff's right to due process, this claim fails.

9       **C.**     **Inmate Appeals Process**

10  "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of
11  life, liberty, or property; and those who seek to invoke its procedural protection must establish that one
12  of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).
13  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he
14  cannot pursue a claim for denial of due process with respect to the handling or resolution of his
15  appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639,
16  640 (9th Cir. 1988)).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis
17  for liability under a section 1983 action.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).
18  Consequently, Plaintiff's claim that Defendants Biter, Vera, Goss, Tyson, Marta, Lozano, Pimental,
19  Seaman, Kunz, and Rodriguez prevented him from filing an administrative appeal, does not state an
20  independent due process  violation based on the denial and/or interference with his access to the prison
21  grievance system.

22       **D.**     **Conspiracy**

23  To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an
24  agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of
25  those constitutional rights.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312
26  F.3d 423, 441 (9th Cir. 2001).

27  Plaintiff contend that Defendants Biter, Vera, Lozano, Pimentel, Seaman, Kunz,  and
28  Rodriguez conspired to violate his rights under the Eighth Amendment.  Plaintiff fails to provide

7

sufficient factual allegations to support the existence of a conspiracy. Instead, Plaintiff alleges only a mere conclusion that Defendants engaged in a conspiracy. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989). In order to allege a conspiracy, Plaintiff allege with particularity who made an agreement with whom, when the agreement was made, what the agreement was, and what the purpose of the agreement was. In addition, Plaintiff must identify the role of each individual in the alleged conspiracy. Accordingly, Plaintiff fails to state a cognizable conspiracy claim and leave to amend will be granted.

### E. Retaliatory Transfer to Different Prison

Plaintiff contends Defendants Biter, Vera, Goss, Tyson, and Marta allowed Plaintiff to be subjected to a retaliatory transfer to conceal the wrongdoing on January 11, 2013.

Prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-248 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (intrastate prison transfer does not implicate Due Process Clause). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).

Even though a transfer is generally permissible, prison officials may not transfer a prisoner from one correctional institution to another in order to punish or retaliate against the prisoner for exercising his constitutional rights. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d at 532. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to allege that his transfer did not reasonably advance a legitimate correctional goal. Plaintiff merely alleges that Defendants Biter, Vera, Goss, Tyson, and Marta allowed Plaintiff to be transferred to a different prison to conceal wrongdoing which occurred on January 11, 2013. However, there is no indication that Defendants acted in excess of legitimate penological goals in his placement within his prison system or otherwise. Plaintiff has not satisfied the fifth element of a retaliation claim and Plaintiff fails to state a cognizable retaliation claim.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Robles and Herrera for excessive force in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendants Robles and Herrera, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff two (2) summons and two (2) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is

not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Robles and Herrera for excessive force; and

///

///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **November 4, 2014**

UNITED STATES MAGISTRATE JUDGE